IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| C. KEITH LAMONDA, ID #26060-018, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:10-CV-1190-P** |
| | § | |
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, et al., | § | |
| | § | |
| **Defendants.** | § | |

<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Receiver's Motion to Dismiss and Brief in Support* filed March 11, 2011 (doc. 28). Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I.  FACTUAL BACKGROUND

This case arises from an action filed by the Securities and Exchange Commission ("SEC") on November 17, 2006, against Plaintiff and others alleging they had engaged in a scheme to fraudulently offer and sell securities through their life settlement companies. (*See* 3:06-CV-2136-P, doc. 1 at 1-2.) On November 17, 2006, the Court entered an order appointing Michael J. Quilling as the receiver ("the Receiver"). (*Id.* at doc. 8.) The order provided, among other things, that "[a]ny claim or suit that seeks recovery from Receivership Assets, or that is hereinafter filed against the . . . the Receiver shall be filed in this Court." (*Id.*) On July 12, 2007, the parties filed an agreed motion to approve a compromise and settlement agreement ("the Agreement") between them. (*Id.* at doc. 71.) The Agreement set forth various rights and obligations of the parties, including

agreements related to Plaintiff's wife's use of certain property in Kissimmee, Florida, ("homestead property"), the payment of expenses for the homestead property, and the payment of a percentage of any money that the Receiver recovered from third parties with Plaintiff's assistance.  (*Id.*)  The Agreement also granted the Receiver an equitable constructive trust lien in the amount of $1,425,000 on the Kissimmee property.  (*Id.*)  That same day, the Court entered an order approving the parties' compromise and settlement agreement.  (*Id.* at 73.)  The order stated that "[a]ll provisions of the Agreement shall be considered to be Orders of the Court" and that "[a]ny failure by one or more of the Lamondas or the Receiver to comply with the obligations stated within the Agreement shall constitute civil contempt of this Court to be addressed by further order of the Court after proper motion and chance to be heard."  (*Id.*)

On June 14, 2010, Plaintiff filed this case against the SEC and the Receiver for breach of the Agreement and for violations of the Court's order.  (*See* doc. 1.)  Plaintiff seeks a declaratory judgment that the Receiver exceeded the authority provided in the order by foreclosing upon the equitable constructive trust lien; that the Receiver violated the order by failing to pay the expenses of the property; that the Receiver's agreement with the U.S. Government regarding the disposition of the property was contrary to the authority conferred on the Receiver by the Court's orders; that the Receiver is obligated to pay Plaintiff twenty-five percent of the net recovery of assets that Plaintiff assisted the Receiver in recovering including, but not limited to, $3.2 million that the Receiver has already acknowledged collecting; and such other relief to which Plaintiff is entitled to in law and equity.  (doc. 1 at 14–15.)

On March 11, 2011, the Receiver moved the Court to exercise its discretion under the Declaratory Judgment Act and dismiss this case. (*See* doc. 28 at 4.)   Plaintiff filed no response.

2

## II. DECLARATORY JUDGMENT ACT

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant ." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (citations omitted). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* In deciding whether to dismiss a declaratory judgment action, a federal court must engage in a sequential three-step inquiry. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). It must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *See id.*

### A. Justiciability

A declaratory judgment action is justiciable if an 'actual controversy' exists between the parties to the action. *See id.* An actual controversy generally exists if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *See id.* The Supreme Court has held that, in order to be justiciable, a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *See Mobil Oil Corp. v. Oil, Chem. & Atomic Workers Int'l Union*, 483 F.2d 603 (5th Cir. 1973).

Here, the Receiver challenges the justiciability of Plaintiff's request for declaratory judgment regarding "whether the Receiver has authority to split proceeds from the Kissimmee house with the U.S. government" as "premature". (*See* doc. 28 at 6.) He notes that the property has not yet been sold and that the passage of time makes it more likely that he will have to abandon his interest and allow the mortgage holders to foreclose on the property. (*Id.*) Plaintiff challenges a hypothetical distribution of proceeds between the Receiver and the U.S. Government for a sale of the homestead that has not yet, and is not certain to, take place. He has failed to establish that a substantial controversy of sufficient immediacy and reality exists between the parties as to this issue. *See Middle South Energy, Inc.*, 800 F.2d at 490. This claim is therefore not justiciable and should be dismissed.

Because the Receiver does not dispute that Plaintiff's remaining three claims are justiciable, consideration of the second step of the analysis is required as to these remaining claims.

## B. Authority

The second step of the analysis requires consideration of whether the court has the authority to consider the merits of the declaratory judgment action. *See Sherwin-Williams,* 343 F.3d at 388. The Fifth Circuit has held that "a district court does not have authority to consider the merits of a

4

declaratory judgment action when (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings." *See id.* (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)).

The parties do not dispute that the Court has authority to decide this declaratory judgment action.  Additionally, the issues in this action do not overlap with issues raised in the state action. In the state action, Plaintiff is attempting to stop the foreclosure of the homestead property.  In the federal action, Plaintiff is seeking a declaratory judgment that the Receiver exceeded his authority in foreclosing on the homestead property, and that the Receiver violated the Court's order by failing to pay expenses associated with the property; by improperly dealing with estate assets; and by failing to account for and pay for recovery efforts, including but not limited to, twenty-five percent of the $3.2 million already collected by the Receiver.  While Plaintiff admits that he disputed the Receiver' authority to foreclose on the homestead property in the state action, there is no evidence that the issue was actually decided and is on appeal in the state action.

## C.  Discretion to Decide or Dismiss Declaratory Action

The third and final step of the analysis requires consideration of the court's discretion to decide or dismiss the action.  Here, the Receiver requests the Court to exercise its discretion to dismiss in favor of (1) parallel state litigation and (2) parallel federal litigation.

### 1.  Parallel State Litigation

The fundamental question in deciding whether to decide or dismiss a declaratory judgment action is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. Of Am.*, 316 U.S.

5

491, 495 (1942).  There are seven non-exclusive factors for a federal court to consider when

deciding making this determination:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

> (3) whether the plaintiff engaged in forum shopping in bringing the suit;

> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

> (5) whether the federal court is a convenient forum for the parties and witnesses;

> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and

> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994); *see also Sherwin-Williams*,

343 F.3d at 388.  These factors address three concerns: federalism, fairness/improper forum

shopping, and efficiency.  *See Sherwin-Williams*, 343 F.3d at 390-91.

>  a. Federalism

The first and seventh *Trejo* factors involve questions of federalism, i.e., "the proper

allocation of decision-making between state and federal courts."  *Id*. at 390.  Here, there is no

pending state action in which all of the matters asserted in this action may be litigated.  In the state

action, Plaintiff is trying to stop the foreclosure of the homestead property.  In the federal action,

Plaintiff is disputing the Receiver's authority to foreclose as well as seeking a declaratory judgment

that the Receiver violated the Court's order by failing to pay expenses associated with the property;

by improperly dealing with estate assets; and by failing to account for and pay for recovery efforts,

including but not limited to, twenty-five percent of the $3.2 million already collected by the Receiver. (*See* doc. 1 at 5-15.) Additionally, the Court is not being called on to construe a state judicial decree in this action. Rather, Plaintiff is seeking declaratory relief regarding the Agreement and orders entered in another action before this Court. These circumstances do not favor abstention in favor of the parallel state action. *See Sherwin-Williams*, 343 F.3d at 394 (the presence of a related state court proceeding does not "automatically require a district court to dismiss a federal declaratory judgment action"); *Newby v. Enron Corp.*, 302 F.3d 295, 303 (5th Cir. 2002) (noting that "[t]he parallel exercise of state and federal power is inherent in our government of dual sovereignty").

b. Fairness/Improper Forum Shopping

The second, third, and fourth *Trejo* factors address fairness and whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds. *See Sherwin-Williams*, 343 F.3d at 391. The Receiver argues that this declaratory judgment action is forum shopping because Plaintiff filed this suit on the "exact same issue" after losing his argument in the Florida foreclosure action after "alleging, inter alia, that the Receiver lacked the authority under the Court's Order of July 2007, to foreclose on the homestead property". (*See* doc. 28 at 5.) As discussed above, this action seeks declaratory relief regarding claims not included in the state foreclosure action. Therefore, it does not appear that this action is designed to usurp a state court of its jurisdiction.

In *Sherwin-Williams*, the Fifth Circuit cautioned that the *Trejo* fairness factors cannot be applied literally. *Id.* at 392. "A proper purpose of § 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations has expired." *Id.* at 397 (citing *Texas Employers' Ins. Assoc. v. Jackson*, 862 F.2d 491, 505 (5th Cir.1988)). Moreover,

"more than one venue may be proper, requiring the plaintiff to select a forum." *Id.* at 393. Thus, in determining whether the plaintiff used the Declaratory Judgment Act to gain access to a federal forum on improper or unfair grounds, courts look to factors such as whether the plaintiff has engaged in "procedural fencing," i.e., filing the declaratory action before the other party is legally able to bring a state action, or is seeking to change the law that would apply to the matter. *Id.* at 397–99.

Here, it does not appear that Plaintiff's filing of this suit was anything other than a "reasonable assertion of [his] rights under the declaratory judgment statute". *See id.* Plaintiff seeks declaratory relief regarding the Agreement entered into by parties in a related action that is currently pending before this court. (*See* 3:06-CV-2136-P). Moreover, the Receiver provides no evidence that Plaintiff engaged in procedural fencing or a "race to res judicata." *See id.* at 399. The *Trejo* fairness factors weigh against abstention in favor of the state action.

### c. Efficiency

The fifth and sixth *Trejo* factors consider convenience and the desire to avoid "duplicative or piecemeal litigation where possible". *Id.* at 390-91. The fifth factor, whether the federal forum is convenient for the parties and witnesses, favors retention of the suit, not abstention. The Receiver does not argue that this Court is a less convenient forum for resolution of the parties' dispute than the state court. Additionally, as noted above, all of the parties have been or are currently before this Court in a related action. (*See* 3:06-CV-2136-P).

The sixth factor, whether retaining the case would serve the purposes of judicial economy, also does not favor dismissal of this action. The Receiver argues that allowing Plaintiff to proceed with this action risks unnecessary confusion between this suit and the one currently pending before

the Florida court.  (*See* doc. 28 at 5.)  As discussed, however, this case involves various issues not raised in the state action.  Judicial economy considerations therefore do not require dismissal in favor of the related state court proceedings.

In short, consideration of the *Trejo* factors does not require abstention in favor of the related state litigation.

### 2. Parallel Federal Litigation

Several district courts in this circuit have also applied the *Trejo* factors in deciding whether to dismiss a declaratory judgment action in the presence of a concurrent federal action.  *See e.g. Data Mgmt., Inc. v. Control Module, Inc.*, 2009 WL 424158 (N.D. Tex. Feb. 18, 2009); *Chapa v. Mitchell*, 2005 WL 2978396 (W.D. Tex. Nov. 4, 2005); *Cantaxx Gas Storage Ltd. v. Silverhawk Capital Partners*, 2006 WL 1984627 (S.D. Tex. July 14, 2006); *Gulf Coast Pharms., Inc. v. Priority Pharms., Inc.*, 2009 WL 4928140 (S.D. Miss. Dec. 18, 2009); *Petruit v. Youthspan, Inc.*, 2003 WL 356021 (E.D. La. Feb. 13, 2003).  The three concerns of the *Trejo* factors should therefore be considered in deciding whether to dismiss this action in favor of the Receivership proceeding.

a. <u>Federalism</u>

Since the Receiver seeks dismissal in favor of the related Receivership proceeding, the federalism concerns of the *Trejo* factors are not implicated.  *See Data Management, Inc. v. Control Module, Inc.*, 2009 WL 424158, at * 4 (N.D. Tex. Feb. 18, 2009) (where there is no parallel- state court action but a related federal court proceeding, *Trejo*'s concern about "the proper allocation of decision-making between state and federal courts" is not raised).  The Receivership proceeding, however, serves as a parallel federal proceeding in which all of the matters in controversy may be litigated. *See Petruit v. Youthspan, Inc.*, 2003 WL 356021, at * 5 (E.D. La. Feb. 13, 2003) (applying

9

first factor in the context of a parallel federal proceeding).  First, the Agreement in this action was reached between the parties in the Receivership proceeding, and was approved in the Receivership proceeding.  Second, the order approving the Agreement in the Receivership proceeding required that any failure to comply with the obligations within the Agreement "shall constitute civil contempt" to be addressed by further order "after proper *motion* and chance to be heard."  (emphasis added).  Whether or not the Receiver exceeded his authority under the Agreement must therefore be decided in the Receivership proceeding.  Finally, the claims process in the Receivership proceeding serves as a better avenue for resolving some of the issues in this case, such as Plaintiff's claims for expenses related to the homestead, and claims for twenty-five percent of the net recovery of assets.  Since all of the issues presented in this action may be, and are in fact required to be, resolved in the Receivership proceeding, the first factor militates towards dismissing the action.

> b. <u>Fairness/Improper Forum Shopping</u>

The fairness concerns of the *Trejo* factors are not implicated because the actions are pending before the same court.  The second, third, and fourth factors are therefore neutral as to whether the declaratory judgment action should be decided or dismissed.

> c. <u>Efficiency</u>

The efficiency concerns of the *Trejo* factors militate towards dismissing this action. First, there is no reason for the court to enter declaratory judgment on issues that can be handled more easily through the Receivership Proceeding's claims process, or through motion or hearing practice as required by the order approving the Agreement.  Finally and most importantly, dismissal of this action promotes judicial economy by discouraging proliferation of individual lawsuits against the Receivership estate and avoiding duplicative and piecemeal litigation.

In sum, although dismissal is not proper in favor of the state action, considerations of wise judicial administration require that this declaratory judgment action be dismissed in favor of the Receivership proceeding pending before this court.

## IV.  CONCLUSION

The *Receiver's Motion to Dismiss*, filed March 11, 2011 (doc. 28), should be **GRANTED**, and all of Plaintiff's claims against the Receiver should be dismissed without prejudice.[1]

**SO RECOMMENDED on this 22nd day of September, 2011.**

_IRMA CARRILLO RAMIREZ_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_IRMA CARRILLO RAMIREZ_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  Although it has already been recommended that the action against the SEC be dismissed pursuant to Fed. R. Civ. P. 4(m), the court may *sua sponte* dismiss the action against the SEC for reasons discussed in this recommendation as well.